UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN SHUMAN,

    Plaintiff,

v.                                     CASE No. 8:12-CV-1092-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who may have a high school education, has

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

worked as a fast food worker (Tr. 33, 34, 49-50).[3] He filed a claim for supplemental security income on February 26, 2009, alleging that he became disabled due to bipolar disorder, depression and seizures (Tr. 138). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that, during the relevant period from the filing of the application on February 26, 2009, until the date of the decision on August 27, 2010, the plaintiff had severe impairments of adjustment disorder, bipolar disorder, major depressive disorder, personality disorder, seizure disorder, and schizoaffective disorder (Tr. 13). The law judge concluded that, with these impairments, the plaintiff has the residual functional capacity (Tr. 15):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can never climb ladders, ropes, or scaffolds, and can frequently perform all other postural activities. Additionally, the claimant

---

[3] At the administrative hearing, plaintiff stated, "I dropped [out of high school] 15 credits short of graduating, but then I went on to another school and got my diploma" (Tr. 34). The plaintiff then responded affirmatively when the law judge asked if he received a high school diploma (id.). However, the record also indicates that the plaintiff may have a GED (Tr. 399) or that he dropped out of high school and does not want to get a GED (Tr. 380).

>    must avoid even moderate exposure to hazards. Finally, secondary to mental impairments the claimant is limited to unskilled work, SVP 1 or SVP 2. The claimant is limited to simple, routine, repetitive tasks and limited interaction with coworkers.

The law judge determined that these restrictions prevented the plaintiff from returning to his past relevant work (Tr. 18). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as garment sorter, hotel housekeeper, and assembler (Tr. 18-19). The law judge therefore ruled that the plaintiff was not disabled (Tr. 19). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole argument is that the vocational expert's opinion that the plaintiff could perform jobs that exist in the national economy does not constitute substantial evidence that the plaintiff is not disabled because it is based upon a hypothetical question that did not include all of the plaintiff's mental limitations (Doc. 24, pp. 5-9).[4] Specifically, the

---

[4] The plaintiff has not articulated any challenges to the law judge's findings with regard to his physical limitations. In light of the requirements of the scheduling Order (Doc. 15, p. 2), any such arguments are deemed abandoned.

plaintiff asserts that the hypothetical question failed to account for his moderate difficulties in concentration, persistence or pace. This contention is baseless.

The law judge found, based on the testimony of a vocational expert, that the plaintiff could perform the jobs of garment sorter, hotel housekeeper, and assembler (Tr. 18-19, 50). The pertinent hypothetical question which elicited this response from the vocational expert directed the vocational expert to assume (Tr. 50):

> a person the claimant's age, education, work experience, who has no exertional limitations. However, never climb ladders, ropes, or scaffolds, frequent all the other postural limitations, climbing ramps or stairs, balancing, stooping, crouching, kneel, or crawling. Avoid even moderate exposure to hazards.... Work is limited to unskilled work SVP 1 or 2, simple, routine, and repetitive tasks [w]ith occasional interaction with the public and coworkers.

The plaintiff argues that the operative hypothetical question failed to include the moderate mental limitations opined by Dr. Alejandro Vergara, a nonexamining, reviewing psychologist (Doc. 24, pp. 6-7). In Section I of a Mental Residual Functional Capacity Assessment (MRFC) form, Dr. Vergara checked several boxes indicating that the plaintiff is

moderately limited with respect to understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; and setting realistic goals or making plans independently of others (Tr. 341-42).

However, he also indicated that the plaintiff was not significantly limited in the ability to understand and remember very short and simple instructions; to carry out very short and simple instructions; and to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 341).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly

rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

In this case, the residual functional capacity found by the law judge corresponds with the pertinent hypothetical question posed to the vocational expert (compare Tr. 15 with Tr. 50). Nevertheless, the plaintiff, citing Richter v. Commissioner of Social Security, 379 Fed. Appx. 959 (11th Cir. 2010), contends that the mental limitations included in the residual functional capacity and the hypothetical question do not adequately cover the plaintiff's moderate limitation in concentration, persistence or pace (Doc. 24, pp. 7-8).

A number of Eleventh Circuit decisions have rejected this argument. See Pinion v. Commissioner of Social Security, __ Fed. Appx. ___, 2013 WL 3032804 (11th Cir. 2013) (ability to understand, remember and carry out simple instructions and tasks, along with a requirement of simple instruction and supportive supervision, appropriately accounted for moderate limitation in concentration, persistence or pace); Hurst v. Commissioner of Social Security, __ Fed. Appx. ___, 2013 WL 2663092 at *2 (11th Cir. 2013) ("We have previously stated that where medical evidence demonstrated that

a claimant could engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, a hypothetical including only unskilled work sufficiently accounted for the limitations"); Washington v. Social Security Administration, Commissioner, 503 Fed. Appx. 881, 883 (11th Cir. 2013)(limitation to simple, routine tasks adequately addressed the plaintiff's moderate limitations as to concentration, persistence or pace because the evidence showed that the plaintiff could perform such tasks); Smith v. Commissioner of Social Security, 486 Fed. Appx. 874, 876 (11th Cir. 2012)(medical evidence demonstrated that the performance of simple, routine and repetitive tasks adequately accounts for a moderate limitation in ability to maintain concentration, persistence or pace); Scott v. Commissioner of Social Security, 495 Fed. Appx. 27, 29 (11th Cir. 2012)(medical evidence demonstrated that the plaintiff could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence or pace); Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011)(medical evidence supports the conclusion that the plaintiff could perform simple tasks notwithstanding a moderate limitation in maintaining concentration, persistence or pace).

Furthermore, contrary to the plaintiff's suggestion, Dr. Vergara's opinion supports the law judge's determination that, despite a moderate limitation in concentration, persistence or pace, the plaintiff can perform "unskilled work SVP 1 or 2, simple, routine, and repetitive tasks" (Tr. 50). The plaintiff's attempt to predicate a challenge to that determination based upon Dr. Vergara's marks in Section I of the Mental Residual Functional Capacity Assessment form is unpersuasive. As the Commissioner points out (Doc. 25, pp. 4-5), Section I of the MRFC form, which is entitled "Summary Conclusions," merely constitutes a worksheet to aid in determining mental functional limitations and is not a residual functional capacity assessment. "Checking the box 'Moderately Limited' means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation." Jones v. Commissioner of Social Security, 478 Fed. Appx. 610, 612 (11th Cir. 2012) (citing Social Security Administration's Program Operations Manual System (POMS) DI § 24510.063(B)(2)). "After checking the boxes as an 'aid,' a doctor is then required to detail his actual RFC assessment." Id. (citing POMS DI § 24510.060(B)(2), (4)); see also Tr. 341 ("Detailed explanation of the degree of limitation ... is to be recorded in

Section III (Functional Capacity Assessment)"); Tr. 343 (comparable instructions for Section III of the form).

In accordance with the MRFC form's instructions, Dr. Vergara explained his Section I summary conclusions in his Section III functional capacity assessment (Tr. 343). He stated, in pertinent part (id.):

> This claimant may experience difficulties trying to remember and carry out detailed instructions, and also if having to maintain concentration for extended periods of time. He may have difficulties also, if he is expected to perform at a consistent pace....
>
> ...
>
> Taking into consideration all the information in file, indicates that claimant retains the necessary mental capabilities to do simple, repetitive type tasks and assignments.

Thus, despite checking several boxes indicating that the plaintiff has moderate difficulties in certain categories, Dr. Vergara concluded that the plaintiff is able to perform simple, repetitive tasks. Accordingly, the law judge's finding that the plaintiff can perform unskilled work with simple, routine, and repetitive tasks is supported by Dr. Vergara's opinion. See Land v. Commissioner of Social Security, 494 Fed. Appx. 47, 49-50 (11th Cir.

2012); Jones v. Commissioner of Social Security, supra, 478 Fed. Appx. at 612-13.

There is, in addition, other medical evidence of record that supports the law judge's finding that the plaintiff can perform simple, routine, and repetitive tasks despite his concentration, persistence or pace deficits. Thus, Dr. Martha Putney, another nonexamining, reviewing psychologist, concluded that the plaintiff has only mild problems with concentration, persistence or pace (Tr. 397).

Furthermore, the notion that the plaintiff cannot perform even simple, routine, and repetitive tasks is belied by the plaintiff's own activities. The plaintiff repeatedly reported that he engaged in activities such as reading; watching movies and television shows, including ER, Smallville, and Bones; and seeking employment (see, e.g., Tr. 162, 181, 250, 370, 419, 420, 421, 422, 423, 425). Most significantly, after the alleged disability onset date, the plaintiff worked temporarily as a car transporter, a position which entailed driving between Tampa and Lakeland or Clearwater and St. Petersburg (Tr. 38, 426, 427).[5]

---

[5]The plaintiff testified that he no longer has this job because he "just couldn't handle [the] stress of it" (Tr. 39). However, as the law judge discussed (Tr. 16), treatment notes

Pointing to the vocational expert's testimony, the plaintiff argues that a "job can be simple, routine, and repetitive, but require the ability to perform work at a faster pace than other jobs, and a moderate limitation in this area might preclude the ability to perform work in that particular occupation" (Doc. 24, p. 8). During cross-examination at the administrative hearing, the vocational expert answered affirmatively when asked if the job of assembler is "usually a fast-paced job that requires hand-eye coordination on a pretty rapid basis" (Tr. 54). However, the law judge did not find that the plaintiff had a functional limitation that would preclude a fast-paced job. Thus, the law judge restricted the plaintiff to "unskilled work SVP 1 or 2, simple, routine, and repetitive tasks," but did not include any limitation such as no fast-paced work or no production quotas. Significantly, the plaintiff has not pointed to any evidence which would compel the law judge to include such limitations in his residual functional capacity finding. Consequently, the expert's testimony supports the law judge's finding that the plaintiff could perform work as an assembler.

---

from Mental Health Care, Inc., state that the plaintiff lost this position due to transportation issues (Tr. 418, 425).

-13-

Regardless, as the plaintiff concedes (Doc. 24, p. 7), the vocational expert also stated that another job she identified, garment sorter, is "more of a slow paced" job (Tr. 52-53). The plaintiff has not demonstrated that he is incapable of performing the "slow paced" job of garment sorter, and the evidence of record certainly does not compel that conclusion. Moreover, the plaintiff makes no argument that the third job identified by the vocational expert, hotel housekeeper, is a fast-paced job, and no such testimony was elicited from the vocational expert at the hearing.

In sum, there is ample evidence in the record to support the finding that the plaintiff's moderate difficulty in concentration, persistence or pace is accommodated by the limitations included in the plaintiff's mental residual functional capacity. Consequently, the plaintiff's argument that his moderate deficit in concentration, persistence or pace cannot be accommodated by a limitation to "unskilled work SVP 1 or 2, simple, routine, and repetitive tasks" is meritless.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 10th day of July, 2013.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　THOMAS G. WILSON
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE